**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, : | CIVIL ACTION NO. 10-2377 (MLC) |
| Plaintiff, : | **O P I N I O N** |
| v. : | |
| LDC COLLECT SYSTEMS, et al., : | |
| Defendants. : | |

**THE PLAINTIFF PRO SE**, Wendell Dwayne O'Neal, who is currently a citizen of Alabama, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action brought against the defendants, (1) LDC Collection Systems, incorrectly named as LDC Collect Systems ("LDC"), and (2) Minnesota 2nd Judicial District Court Administrator ("Minnesota Court Administrator"). (Dkt. entry no. 1, Application.) This Court will (1) grant the Application, and (2) deem the Complaint to be filed.

**O'NEAL** was convicted in Minnesota state court on a charge of trespass ("Minnesota Conviction"). (Dkt. entry no. 1, Compl. at 3.) He has extensively litigated the issues concerning the Minnesota Conviction, as well as other matters, in the federal and state courts of Minnesota. See, e.g., O'Neal v. Cook, No. 07-2803, No. 07-3947, No. 07-4230, 2009 WL 762207 (D. Minn. Mar. 19, 2009), aff'd, 355 Fed.Appx. 978 (8th Cir. 2009); O'Neal v.

Moore, No. 06-2336, 2008 WL 4417327 (D. Minn. Sept. 24, 2008), aff'd, 355 Fed.Appx. 975 (8th Cir. 2009); O'Neal v. Minnesota, No. 07-1970, 2008 WL 2496998 (Minn. Ct. App. June 24, 2008), cert. denied, 129 S.Ct. 502 (U.S. 2008); O'Neal v. Minnesota, No. 05-2330, 2006 WL 2947470 (Minn. Ct. App. Oct. 17, 2006).

**LDC** has been engaged by the Minnesota state courts to collect delinquent fees. (Compl. at 3.)[1] O'Neal alleges that the Minnesota Court Administrator wrongfully reported that he was delinquent in paying $178 in fees and costs related to the Minnesota Conviction, and that LDC wrongfully notified credit bureaus. (Id. at 3-4.) O'Neal alleges that the defendants' conduct was wrongful because, inter alia, (1) he "made no appearance in the 2nd judicial court on August 15, 2005 resulting in trespass conviction", (2) "LDC knew plaintiff never made August 15, 2005 appearance in Minnesota court, but reported a delinquent credit account to the credit bureaus", (3) "LDC collaborated with [the Minnesota Court Administrator] to report a delinquent credit account", and had "intent to conceal known manufactured August 15, 2005 trespass conviction", and (4) the

---

[1] See Graham v. ACS State & Local Solutions, No. 06-2708, 2006 WL 2911780, at *1 (D. Minn. Oct. 10, 2006) (noting in caption that ACS State & Local Solutions ("ACS") does business as "LDC Collection Systems"); see also Shannon v. ACS State & Local Solutions, No. 08-594, 2008 WL 2277814, at *1 (D. Minn. May 30, 2008) (noting certain Minnesota county contracts with ACS to collect, inter alia, unpaid fines on behalf of county).

"August 15, 2005 Register of Actions created in the matter of State [of Minnesota] v. Wendell D. O'Neal, T5-05-19470, [was corrected] to indicate plaintiff made no appearances in the 2nd judicial district resulting in trespass conviction, and that no further documentation was ever filed in the case". (Id. at 3-4.)

**THIS ACTION** would have been more appropriately brought in the United States District Court for the District of Minnesota, as (1) that court is more familiar with O'Neal and the extensive litigation concerning the Minnesota Conviction, (2) the Minnesota Conviction was rendered in Minnesota, (3) any witnesses connected to the Minnesota Court Administrator will be found in Minnesota, (4) LDC's conduct was based upon its engagement in Minnesota to act on behalf of the Minnesota state courts, (5) evidence and relevant court filings will be found in Minnesota, (6) both of the defendants can be found there, and (7) personal jurisdiction over the Minnesota Court Administrator in New Jersey is doubtful. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995). O'Neal's sole basis for a New Jersey venue — that LDC has an office in New Jersey "where acts giving rise to herein complaint transpired" (Compl. at 2) — does not outweigh the factors in favor of a Minnesota venue. Furthermore, O'Neal's choice of a New Jersey venue is accorded little deference, as he is not a New Jersey citizen. See Piper Aircraft Co. v. Reyno,

454 U.S. 235, 255-56 (1981).  Therefore, the Court will transfer the action to the District of Minnesota.

**IT MAY BE IMPROPER** for a district court to dismiss a complaint on the basis of improper venue following an initial screening under Section 1915(e)(2)(B).  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  But this Court is neither screening the Complaint nor dismissing the Complaint.  Rather, this Court is granting the Application and transferring the action to a more-appropriate federal district court, which will in turn screen the Complaint under Section 1915(e)(2)(B) and determine whether the Complaint should be dismissed.  See Walker v. M. Davis & Sons, No. 98-1910, 1998 WL 199646, at *1 (E.D. Pa. Apr. 27, 1998) (granting application to proceed in forma pauperis and transferring action to District of Delaware).  This Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    June 17, 2010

4