## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| WENDELL DWAYNE O'NEAL,<br><br>Plaintiff,<br><br>v.<br><br>LDC COLLECTION SYSTEMS, UNKNOWN RAMSEY 2ND JUDICIAL DISTRICT CLERK, J.D.B., RAMSEY CLERK, RAMSEY DISTRICT COURT ADMINISTRATOR, KAREN MARECK, and MINNESOTA,<br><br>Defendants. | Civil No. 10-2517 (JRT/JJK)<br><br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Wendell Dwayne O'Neal, 126 Mills Creek Crossing, Madison, AL 35758, plaintiff *pro se*.

Plaintiff Wendell Dwayne O'Neal commenced this pro se action against defendants LDC Collection Systems and various Ramsey County employees ("defendants") in the United States District Court for the District of New Jersey. (*O'Neal v. LDC Collection Systems, et al.*, No. 10-2377, D.N.J. June 17, 2010.) Along with his complaint, O'Neal applied for leave to proceed *in forma pauperis* ("IFP"). After reviewing his submissions, the court transferred the case to this district as the proper venue. In its transfer order, the New Jersey district court granted O'Neal's IFP application, conditioned on this Court "screen[ing] the Complaint under [28 U.S.C.] Section 1915(e)(2)(B) and determin[ing] whether the Complaint should be dismissed."

(Transfer Order at 4, Docket No. 2.)  In a Report and Recommendation dated August 6, 2010, United States Magistrate Judge Jeffrey J. Keyes recommended that the Court dismiss O'Neal's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim on which relief can be granted, and for seeking monetary relief against defendants who are immune from such relief.  (Docket No. 16.)  O'Neal filed timely objections to the Report and Recommendation.  (Docket No. 17.)

## BACKGROUND[1]

The events giving rise to this action occurred on August 15, 2005 when an employee of the Radisson Hotel in St. Paul called 911 to complain that O'Neal had been inside the hotel lobby for more than two hours, was not a guest, would not heed requests to leave the hotel, and had yelled profanities at the hotel employee.  O'Neal was arrested and charged with the petty-misdemeanor offense of trespassing.  *See* Minn. Stat. § 609.605, subd. 1(b)(3) (2004).  He entered a guilty plea in state district court that same day, the district court imposed a sentence of a fifty dollar fine, and O'Neal did not pursue a direct appeal.

On September 26, 2005, O'Neal filed a post-conviction petition in the state district court in which he sought to withdraw his guilty plea as invalid, alleging that he did not actually appear before the district court, and that he was allegedly threatened with a disorderly conduct charge if he did not plead guilty to the petty misdemeanor.  The district court denied the petition, and the Minnesota Court of Appeals affirmed, finding

---

[1] The Court recites background facts only to the extent necessary to rule on the parties' objections. The Report and Recommendation provides a more comprehensive description of the facts relevant to this case. (*See* Report & Recommendation at 3-5, Docket No. 16.)

that though O'Neal did not appear at the plea hearing, he directed his attorney to enter the plea for him. Though the district court scheduled a post-conviction hearing after O'Neal moved to withdraw his guilty plea, he failed to appear at the hearing so the district court based its decision on his application. *O'Neal v. State*, A05-2330, 2006 WL 2947470 at *2 (Minn. Ct. App. Oct 17, 2006) (*O'Neal I*).

On August 21, 2007, O'Neal filed a second postconviction petition in which he again sought to withdraw his guilty plea. The district court denied O'Neal's petition on the ground that his claims were procedurally barred, and the Minnesota Court of Appeals affirmed the denial of his second post-conviction motion. *O'Neal v. State*, No. A07-1970, 2008 WL 2496998 at *1 (Minn. Ct. App. June 24, 2008) (*O'Neal II*).

Subsequently, O'Neal filed numerous civil actions based on the events of August 15, 2005.[2] As a result of these actions – all of which were dismissed before trial – this Court entered a Restricted Filer order against O'Neal. (*Moore*, No. 06-2336, Docket No. 304.) O'Neal circumvented the Restricted Filer order by initially filing his complaint in United States District Court for the District of New Jersey.

O'Neal now brings new claims against new defendants. He has named various court administrators as defendants, claiming that they "manufactured" his trespass conviction. (Second Am. Compl. ¶¶ 6-9, Docket No. 10.) Further, O'Neal is attempting to sue the state of Minnesota for failure to properly train and supervise its court

---

[2] *See O'Neal v. Unknown 911 Dispatcher et al.*, No. 05-1865 (RHK/JSM); *O'Neal v. Unknown 911 Dispatcher et al.*, No. 05-1897 (JMR/FLN); *O'Neal v. Fang – sic Vang, et al.*, No. 05-2464 (DSD/SRN); *O'Neal v. Moore, et al.*, No. 06-2336 (ADM/JSM); *O'Neal v. Cook, et al.*, No. 07-2803 (ADM/JSM); *O'Neal v. City of St. Paul, et al.*, No. 07-3947 (ADM/JSM); *O'Neal v. City of St. Paul, et al.*, No. 07-4230 (ADM/JSM).

administrators. (*Id.* ¶ 14.) Finally, O'Neal is attempting to sue LDC Collection Systems for allegedly erroneously reporting to a "credit bureau" that he owed a fine and court costs for his trespass conviction. (*Id.* ¶¶ 2, 13.) O'Neal bases his claims on a variety of legal theories, including denial of his civil rights in violation of 42 U.S.C. §§ 1983, 1985 and 1986, violations of the Fair Credit Reporting Act ("FCRA"), "gross negligence, negligence, wilful [sic], wanton neglect and or reckless disregard," "failure to properly train and or supervise," "misrepresentation; libel and slander," and "intentional infliction of mental anguish and distress." (*Id.* ¶¶ 1-39.)

In his Report and Recommendation, the Magistrate Judge recommended that O'Neal's claims be dismissed. (Report & Recommendation at 13, Docket No. 16.) The Magistrate Judge found O'Neal's claims against the state of Minnesota barred by constitutional immunity, and his federal law claims against the remaining defendants barred because a federal litigant is unable to challenge the legality of a prior state criminal conviction in a federal civil rights action. (*Id.* at 6.) Finally, having found all of plaintiff's federal claims barred, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over O'Neal's state law claims. (*Id.* at 11.)

## ANALYSIS

### I.  STANDARD OF REVIEW

Courts are required to read a pro se litigant's pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's application to proceed IFP will be denied, and his action dismissed, however, if the applicant has filed a complaint that fails to state a claim upon which relief may be granted, or if the named defendant is legally

immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). *See also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

After reviewing O'Neal's objections *de novo*, see 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## II. CLAIMS AGAINST THE STATE OF MINNESOTA

Under the Eleventh Amendment to the United States Constitution, individuals may not sue states or their agencies in federal court unless the state consents to suit or Congress abrogates state immunity by an express statutory provision. U.S. Const. amend. XI; *see also Pugh v. Alabama*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Neither the state of Minnesota, nor the United States Congress has taken any action impairing Minnesota's immunity from suit for these claims. Thus, the Court finds that O'Neal's claims against the state of Minnesota are barred by the Eleventh Amendment.

## III. FEDERAL LAW CLAIMS

The Magistrate Judge recommended that this Court find O'Neal's federal law claims barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Court held that a plaintiff could not challenge the legality of his state criminal conviction through a federal civil rights action. *Id.* In considering whether to allow a plaintiff to proceed with a civil rights action challenging a previous state conviction, "the district court must consider whether a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. A civil rights plaintiff can show his conviction has been invalidated in a number of ways – by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*; *see also Madison v. City of Minneapolis*, No. 02-4257, 2004 WL 1630953 at *3 (D. Minn. July 15, 2004) ("In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not bring a civil action for damages that necessarily challenges the validity of plaintiff's previous conviction or confinement.").

In this case, judgment in O'Neal's favor on his civil rights claims would necessarily imply that his previous state conviction was rendered invalid at some point. Plaintiff points to no evidence that his sentence was invalidated – his conviction was upheld on appeal and was never expunged by executive order, it was not declared invalid by a state tribunal, and it was not called into question by an issuance of a writ of habeas corpus. Because there has been no previous invalidation of his conviction, and because any judgment in O'Neal's favor in this case would cast doubt on his conviction, the Court finds O'Neal's civil rights claims barred by *Heck*.

In addition to his civil rights claims, O'Neal raises claims under the FCRA. *See* 15 U.S.C. §§ 1681, *et seq*. In *Heck*, the Supreme Court considered whether civil rights claims could be brought under 42 U.S.C. § 1983 to challenge a conviction. In

considering whether other federal claims – such as O'Neal's FCRA claim – would be barred, the Court's logic in *Heck* is instructive.

The Supreme Court's holding in *Heck* was not premised on any distinctive characteristic of the federal civil rights statutes. Rather, the Court relied generally on the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." 512 U.S. at 486. This principle stems from the desire to avoid inconsistent rulings. *See id.* at 484 (noting "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."). Finally, as *Heck* notes, there is a judicial presumption against expanding opportunities for collateral attacks against criminal convictions. *See id.* at 485.

The general principles underlying *Heck* apply with equal force to O'Neal's FCRA claims. O'Neal is attempting to challenge the underlying validity of his criminal conviction through an FCRA claim arising out of the events surrounding his conviction. Allowing O'Neal to pursue his FCRA claim would amount to allowing a collateral attack on a previous conviction that has been upheld on multiple occasions. *See O'Neal I*, 2006 WL 2947470 at *1; *O'Neal II*, 2008 WL 2496998 at *1. Accordingly, O'Neal's FCRA claims are barred by the same principles underlying *Heck*.

O'Neal argues that *Heck* does not apply because he is seeking monetary damages for a fraudulent criminal conviction. O'Neal seizes on a footnote in *Heck* recognizing exceptions for "fraud, perjury, or mistake of law" to the presumption in malicious prosecution cases of probable cause, when the proceeding led to a conviction. *Heck*, 512 U.S. at 486 n.4. There is, however, no showing in the record that O'Neal's conviction

was effected by way of fraud, perjury, or mistake of law. Rather, O'Neal's conviction was pursuant to a plea and has been affirmed in subsequent proceedings. *See O'Neal I*, 2006 WL 2947470 at *1; *O'Neal II*, 2008 WL 2496998 at *1. Further, O'Neal has not brought a malicious prosecution claim. Thus, his reliance on the *Heck* footnote is inapposite, and his federal law claims fail.

## IV. STATE LAW CLAIMS

It is less clear whether *Heck* would bar O'Neal's state claims – namely, his claims of negligence, gross negligence, misrepresentation, slander, libel, and intentional infliction of mental anguish and distress. The application of *Heck* to these claims is a matter of state law. The Minnesota Supreme Court has cited *Heck* in noting that "civil proceedings are an inappropriate forum to relitigate an issue that was previously decided in a criminal proceeding which resulted in a conviction that has not been reversed." *Noske v. Friedberg*, 670 N.W.2d 740, 744 (Minn. 2003). Ultimately, it is unnecessary to decide whether *Heck* bars O'Neal's state law claims, because *Heck* undoubtedly bars O'Neal's federal claims and this Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c); *see Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("[A] district court may decline to exercise supplemental jurisdiction when it 'has dismissed all claims over which it has original jurisdiction . . . .'"). Federal district court is not the most suitable forum for adjudicating O'Neal's state law claims. *See Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (emphasizing "the need to exercise judicial restraint and avoid state law issues wherever possible."). Accordingly, O'Neal's state law claims are dismissed without prejudice.

- 9 -

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 17] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 16].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's federal law claims against all defendants are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

2. Plaintiff's state law claims are **DISMISSED without prejudice**.

3. Plaintiff's Motion for Leave to Amend Rule 72.2 Objections Motion [Docket No. 18] is **DENIED as moot**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 29, 2011             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                              United States District Judge